UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA MARIE CARROLL,

        Plaintiff,

v.

CITY OF MONROE POLICE
OFFICER MITCHELL LAMOUR, et al.,

        Defendants.
_____/

Case No. 20-10879
District Judge Stephanie Dawkins Davis
Magistrate Judge R. Steven Whalen

**ORDER**

Plaintiff, a *pro se* litigant in this civil rights action brought under 42 U.S.C. §1983, has filed a motion for appointment of counsel [ECF No. 10].

Unlike criminal cases, there is no constitutional or statutory right to the appointment of counsel in civil cases. Rather, the Court requests members of the bar to assist in appropriate cases. In *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993), the Sixth Circuit noted that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." (Internal quotations and citations omitted).

It is the practice of this Court to defer any attempt to obtain counsel for *pro se* civil rights Plaintiffs until after motions to dismiss or motions for summary judgment have been denied. At this point, Plaintiff's motion to appoint counsel is premature. If Plaintiff's claims

ultimately survive dispositive motions, she may renew her motion for appointment of counsel at that time.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 10] is **DENIED WITHOUT PREJUDICE**.

Date: September 2, 2020

                                  s/R. Steven Whalen
                                  R. Steven Whalen
                                  United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 2, 2020 electronically and/or by U.S. mail.

                                  s/Carolyn M. Ciesla
                                  Case Manager

---

[1] In her motion to appoint counsel, Plaintiff notes that she has conferred with an attorney working for a "pro bono program." ECF No. 10. Although the Court will not appoint counsel at this time, Plaintiff is not barred from securing counsel willing to represent her on a pro bono basis.