UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA MARIE CARROLL,

       Plaintiff,                                        No. 20-10879

v.                                               District Judge Stephanie Dawkins Davis
                                                     Magistrate Judge R. Steven Whalen

CITY OF MONROE POLICE OFFICER
MITCHELL LAMOUR, ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On March 10, 2020, Plaintiff Tina Marie Carroll filed a *pro se* civil complaint in the Monroe County, Michigan Circuit Court, claiming federal constitutional and Michigan law violations arising from what she alleges was a warrantless arrest on June 6, 2018. The Defendants removed the case to this Court on April 7, 2020. Before the Court is a Motion to Dismiss filed by Defendants City of Monroe Police Officer Mitchell Lamour, City of Monroe Police Officer J. Flora, City of Monroe Police Chief Charles F. McCormick IV, and the City of Monroe [ECF No. 7], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).[1] For the reasons discussed below, I recommend that the motion be GRANTED IN PART AND DENIED IN PART.

---

[1] The remaining Defendants, the County of Monroe, Chief Monroe County Prosecuting Attorney Michael G. Roehrig, and Assistant Prosecuting Attorneys Jonathan A. Jones and Jennifer Ewen, have filed a Motion for Judgment on the Pleadings [ECF No. 14], which will be the subject of a separate Report and Recommendation.

## I.   FACTS

Plaintiff makes the following allegations in her complaint. She states that on June 6, 2018, she was "lawfully at her home" in Monroe, Michigan, when the Defendant police officers arrested her "without an arrest warrant, probable cause, or exigent circumstances." *Complaint*, ECF No. 1, PageID.8, ¶¶ 6-7. She also alleges that "one or more of the above-named defendant police officers and/or prosecuting attorney stood idly by while plaintiff was being assaulted and beaten by other officers and made no effort, whatsoever, to come to her aid." *Id*. ¶ 8. She claims that as a result of the actions of these Defendants, she was denied her "rights to be free from illegal corporal punishment, the excess over use of physical force and the loss of liberty without due process of law." *Id*. ¶ 12. The Plaintiff alleges that the named police officers "did assault, beat, batter and wound" her, and that their actions were "wanton and willful." *Id*. PageID.9, ¶¶ 19-20, 26.

Plaintiff alleges that the City of Monroe failed to properly train, supervise, and discipline the Defendant officers, and knew or should have know of the "violent and malicious tendencies" of the Defendant officers, specifically "their propensity to, either alone or in concert, violate the rights of citizens during an arrest...." *Id*. ¶¶ 13-14. She further alleges that "alternatively, on or more of the above-named Defendants did beat and assault Plaintiff while the others stood idly by and made no effort whatsoever to prevent the vicious assault or otherwise to come to Plaintiff's aid." *Id*., PageID.10, ¶ 28.

Plaintiff alleges that "two or more" of Defendant police officers, as well as the Monroe County Prosecuting Attorneys, denied her equal protection of law and violated the Klu Klux Clan Act of 1870 and 1871, including by making her submit to drug testing without a warrant. *Id*. ¶ 34-35.

Defendants seek dismissal under Fed.R.Civ.P. 8(a)(2) and 12(b)(6).

## II.     STANDARD OF REVIEW

Fed.R.Civ.P. 8(a)(2) and Fed.R.Civ.P. 12(b)(6) intersect. Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain...(2) a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III.   DISCUSSION

Pleadings filed by unrepresented parties, such as the Plaintiff, are liberally construed. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, "[w]hile a pro se plaintiff is held to a less stringent pleading standard than a party with an attorney, a pro se plaintiff is still required to state facts that support the legal conclusions in his civil rights complaint." *Guthrie v. Glenmark Pharmacy*, 2012 WL 1555362, at *2 (E.D. Mich. Apr. 30, 2012) (citing *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir.2008)). Under Rule 8(a)(1), as applied under *Iqbal*, a complaint must state both a legal cause of action and facts that would support that cause of action.

First, we ask what legal claims Plaintiff has raised. Giving her complaint a liberal construction, it can be fairly read to raise the following causes of action under 42 U.S.C. 1983: (1) Fourth Amendment claim of excessive force; (2) Fourth Amendment claim of police failure to protect; (3) Fourth Amendment claim of unlawful search regarding drug test; (4) Municipal liability claim against the City of Monroe on the excessive force claim; (5) Fourteenth Amendment claim of Equal Protection. The complaint may also be read to raise a Michigan law claims of (6) false arrest and (7) assault and battery.

But to meet the plausibility test of *Iqbal*, the complaint must also contain properly pled facts to support the legal claims. Defendants argue that the complaint fails this test as to all claims because although the Plaintiff alleges that the Defendants were acting under

the color of state law, she "fails to provide specific allegations pertaining to each of the named Defendants for the remaining elements of a § 1983 claim." *Defendants' Motion*, ECF No. 7, PageID.53.

First, in her response to this motion, the Plaintiff addresses only her claim of excessive force. "Defendants are not entitled to dismissal and Plaintiff denies failing to comply with pleading requirements and Plaintiff clearly alleges use of excessive force." *Plaintiff's Response*, ECF No. 16, PageID.204, ¶ 3. She does not offer any argument or discussion of her remaining claims. In *Rouse v. Caruso*, No. 2011 WL 918327at *18 (E.D. Mich. Feb. 18, 2011), report and recommendation adopted, 2011 WL 893216 (E.D. Mich. Mar. 14, 2011), the Court noted, "It is well understood ... that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (Quoting *Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F.Supp.2d 15, 25 (D.D.C.2003), aff'd, 98 Fed. Appx. 8 (D.C.Cir.2004)). In In *Bazinski v. JPMorgan Chase Bank, N.A.*, 2014 WL 1405253, *1–2 (E.D.Mich.2014), the Court stated:

> "Claims left to stand undefended against a motion to dismiss are deemed abandoned. *Mekani v. Homecomings Fin., LLC*, 752 F.Supp.2d 785, 797 (E.D.Mich.2010) (stating that where a plaintiff fails to respond to a motion to dismiss a claim, 'the Court assumes he concedes this point and abandons the claim'); *Thielen v. GMAC Mortgage Corp.*, 671 F.Supp.2d 947, 957 (E.D.Mich.2009) (same); *See also, Hopkins v. Saint Lucie Cnty. School Bd.*, 399 Fed.Appx. 563, 565 n. 1 (11th Cir.2010) ('[The plaintiff's] argument that he should have been granted leave to amend his complaint was abandoned when he failed to raise it in opposing the defendants' motion to dismiss or in responding to the magistrate judge's recommendation of dismissal.'); *Lipton v. County of Orange, New York*, 315 F.Supp.2d 434, 446 (S.D.N.Y.2004) ('This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.')."

Therefore, all claims except for excessive force, failure to protect, and, by implication, the Michigan law claim of assault and battery[2] will be deemed abandoned, and should be dismissed.[3]

Now, it is true that the plaintiff in a § 1983 case must show that a named defendant was personally involved in the allegations underlying the Complaint. *See Rizzo v. Goode*, 423 U.S. 362, 96 (1976). And while Plaintiff specifically names two City of Monroe police officers as well as the Chief of Police, she does not allege which officer or officers beat her or which ones stood by and failed to protect her. Defendants argue that her failure to specify who did what is fatal to her claims.[4]

---

[2] The common law tort of assault requires a showing of an "intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact." *Espinoza v. Thomas*, 189 Mich.App. 110, 119, 472 N.W.2d 16 (1991), citing *Tinkler v. Richter*, 295 Mich. 396, 401, 295 N.W. 201 (1940). The tort of battery denotes a "wilful and harmful or offensive touching of another person which results from an act intended to cause such a contact." *Id*. In *VanVorous v. Burmeister*, 262 Mich.App. 467, 483, 687 N.W.2d 132 (2004), the Court noted that "government actors may find it necessary–and are permitted–to act in ways that would, under different circumstances, subject them to liability for an intentional tort. *To find for plaintiff on these [assault and battery] claims, our courts would have to determine that the officers' actions were not justified because they were not objectively reasonable under the circumstances*." (Emphasis added). *See also Brewer v. Perrin*, 132 Mich.App. 520, 528, 349 N.W.2d 198 (1984) ("governmental actions which would normally constitute intentional torts are protected by governmental immunity *if those actions are justified*"). (Emphasis added).

[3] In *Gaddis v. Redford Township*, 364 F.3d 763,772 (6th Cir. 2004), the Sixth Circuit held that in an excessive force claim, "Courts must apply an objective standard, looking to 'the facts and circumstances of each particular case'...." Although I recommend that the Fourth Amendment claim of warrantless arrest and the state law claim of false arrest be dismissed, I offer no opinion on whether the facts underlying those claims would be relevant and admissible as to the excessive force claim.

[4] Defendants also argue that the only factual allegation in Plaintiff's complaint is that she "was lawfully in her home on June 6, 2018." ECF No. 7, PageID.52. This assertion is incorrect. Plaintiff clearly alleges in her complaint that Defendants "did assault, beat, batter and wound" her, and that their actions were "wanton and willful." *Complaint*, ECF No. 1, PageID.9, ¶¶ 19-20, 26.

I disagree. In a Rule 12(b)(6) motion, we assume the truth of the non-moving party's factual allegations. Plaintiff alleges that one of the officers that was present at her home on June 6, 2018 beat her, and that the others failed in their duty to protect her from excessive force. In view of the fear, panic, and physical pain that would likely ensue under these circumstances, it is understandable that Plaintiff might not be aware at this point which officer actually beat her. Yet she has clearly alleged that all officers who were present had some role in the violation of her Fourth Amendment rights: they either participated in the use of excessive force or failed to intervene and protect her. Discovery will no doubt shed more light on the details of who did what.

In *Murphy v. Grenier*, 2009 WL 1044832, at *11 (E.D. Mich. Apr. 20, 2009), aff'd, 406 F. App'x 972 (6th Cir. 2011), the Court addressed a similar situation, where the plaintiff alleged that a number of prison mail room employees improperly opened his legal mail, but the complaint did not specify which employees did this. Recognizing that a § 1983 complaint required a factual allegation that a defendant was personally involved in the constitutional violation, the Court nevertheless found as follows:

> "It is true that plaintiff does not specifically allege which defendant opened which piece of legal mail. This is hardly surprising, however, in light of the fact that plaintiff could have no way of knowing which mail room employees were responsible for opening his mail when he prepared and filed his complaint. At the pleading stage, plaintiff's allegations that the individually named defendants are employed in the mail room and that mail room staff opened his legal mail are sufficient to allege personal involvement."

*Murphy* cited *Merriweather v. Zamora*, 2006 WL 2711809, at *6–*7 (E.D.Mich. Sept.21, 2006, another prisoner mail case, where the Court stated:

> "While Plaintiff does not specify which staff member opened which envelope on what occasion...he has properly pled constitutional violations. Further, jail personnel charged with handling prisoner mail had an exclusive ability to commit the alleged improprieties. Thus, that the alleged constitutional violations were committed by mail-handling staff can be

reasonably inferred for the purposes of pleading."

Likewise here, the officers who were present at Plaintiff's home on June 6, 2018 had the "exclusive ability to commit the alleged improprieties." Indeed, according to Plaintiff, *all* of the officers present committed constitutional violations. Plaintiff has sufficiently alleged the personal involvement of those officers. Following discovery, each officer may or may not be shown to have had personal involvement, but for pleading purposes, Plaintiff should survive dismissal on these claims.

### IV. CONCLUSION

I recommend that Defendants' Motion to Dismiss [ECF No. 7] be GRANTED IN PART AND DENIED IN PART, as follows:

1. That the Motion be GRANTED as to the following claims, which should be dismissed: (a) Fourth Amendment claim of unlawful search regarding drug test; (b) Municipal liability claim against the City of Monroe on the excessive force claim; (c) Fourteenth Amendment claim of Equal Protection; (d) Michigan law claim of false arrest.

2. That the Motion be DENIED as to (a) the Fourth Amendment claim of excessive force; (b) the Fourth Amendment claim of failure to protect; and ( c ) the Michigan law claim of assault and battery.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise

others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: November 6, 2020

s/R. Steven Whalen
R. Steven Whalen
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 6, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager