UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA MARIE CARROLL,

               Plaintiff,                       No. 20-10879

v.                                    District Judge Stephanie Dawkins Davis
                                     Magistrate Judge R. Steven Whalen

CITY OF MONROE POLICE OFFICER
MITCHELL LAMOUR, ET AL.,

               Defendants.

_____ /

## REPORT AND RECOMMENDATION

On March 10, 2020, Plaintiff Tina Marie Carroll filed a *pro se* civil complaint in the Monroe County, Michigan Circuit Court, claiming federal constitutional and Michigan law violations arising from what she alleges was a warrantless arrest on June 6, 2018. The Defendants removed the case to this Court on April 7, 2020. Before the Court is a motion for judgment on the pleadings under Fed.R.Civ.P. 12( c ), brought by Defendants Jonathan A. Jones, Jennifer Ewen, Michael G. Roehrig, and the County of Monroe [ECF No. 14], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). The Plaintiff has not filed a response to this motion. For the reasons discussed below, I recommend that the motion be GRANTED and that these Defendants be DISMISSED WITH PREJUDICE.

-1-

## I.   FACTS

Plaintiff alleges in her complaint that on June 6, 2018, she was "lawfully at her home" in Monroe, Michigan, when Defendant City of Monroe police officers arrested her "without an arrest warrant, probable cause, or exigent circumstances." *Complaint*, ECF No. 1, PageID.8, ¶¶ 6-7. She also alleges that "one or more of the above-named defendant police officers and/or prosecuting attorney stood idly by while plaintiff was being assaulted and beaten by other officers and made no effort, whatsoever, to come to her aid." *Id*. ¶ 8. She claims that she was denied her "rights to be free from illegal corporal punishment, the excess over use of physical force and the loss of liberty without due process of law." *Id*.¶ 12.

Plaintiff alleges that "two or more" of Defendant police officers, as well as the Monroe County Prosecuting Attorneys, denied her equal protection of law and violated the Klu Klux Clan Act of 1870 and 1871, including by making her submit to drug testing without a warrant. *Id*. ¶ 34-35.

The present Defendants seek dismissal under Fed.R.Civ.P. 12( c ), for failure to state a claim upon which relief can be granted.

## II.   STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

*Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998).  Fed.R.Civ.P. 12(b)(6) provides

for dismissal of a complaint "for failure of the pleading to state a claim upon which relief

can be granted."  Rule 12(b) also provides that if, on consideration of a motion under

paragraph (6), "matters outside the pleadings are presented to and not excluded by the

court, the motion shall be treated as one for summary judgment and disposed of as

provided in Rule 56 (summary judgment)."  "  In assessing a Rule 12(b)(6) motion, the

court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of

law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir.

2001).

 In assessing the legal sufficiency of a complaint, the court must first determine

whether a complaint contains factual allegations, as opposed to legal conclusions.

*Ashcroft v. Iqbal*, 556 U.S.662 (2009).  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."  *Id.*, 556 U.S. at 676

(citing  *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555 (2007)).  Second, the facts that

are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as
> the Court of Appeals observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense.  But
> where the well-pleaded facts do not permit the court to infer more than the
> mere possibility of misconduct, the complaint has alleged–but it has not
> shown–that the pleader is entitled to relief."

-3-

### III.   DISCUSSION

#### A.   Plaintiff has Conceded Defendants' Arguments

There are a number of reasons why the Monroe County Defendants' motion should be granted. I will start with the most obvious: Plaintiff has not responded to the motion.

In *Rouse v. Caruso*, No. 2011 WL 918327at *18 (E.D. Mich. Feb. 18, 2011), report and recommendation adopted, 2011 WL 893216 (E.D. Mich. Mar. 14, 2011), the Court noted,  "It is well understood ... that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (Quoting *Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F.Supp.2d 15, 25 (D.D.C.2003), aff'd, 98 Fed. Appx. 8 (D.C.Cir.2004)). By the same reasoning, when a plaintiff files *no* response to a motion to dismiss (or a motion for judgment on the pleadings), addressing *none* of the defendant's arguments, then *all* of the defendant's arguments for dismissal have been conceded.

In  *Bazinski v. JPMorgan Chase Bank, N.A.*, 2014 WL 1405253, *1–2 (E.D.Mich.2014), the Court stated:

> "Claims left to stand undefended against a motion to dismiss are deemed abandoned. *Mekani v. Homecomings Fin., LLC*, 752 F.Supp.2d 785, 797 (E.D.Mich.2010) (stating that where a plaintiff fails to respond to a motion to dismiss a claim, 'the Court assumes he concedes this point and abandons the claim'); *Thielen v. GMAC Mortgage Corp.*, 671 F.Supp.2d 947, 957 (E.D.Mich.2009) (same); *See also, Hopkins v. Saint Lucie Cnty. School Bd.*, 399 Fed.Appx. 563, 565 n. 1 (11th Cir.2010) ('[The plaintiff's] argument that he should have been granted leave to amend his complaint was

abandoned when he failed to raise it in opposing the defendants' motion to dismiss or in responding to the magistrate judge's recommendation of dismissal.'); *Lipton v. County of Orange, New York*, 315 F.Supp.2d 434, 446 (S.D.N.Y.2004) ('This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.')."

On this basis alone, Defendants' motion should be granted.

## B.    Defendants are Entitled to Prosecutorial Immunity

Prosecutors are entitled to absolute immunity for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). In *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006), the Sixth Circuit stated:

> "A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate....Since *Imbler*, courts have extended the immunity beyond 'initiating a prosecution and ... presenting the State's case'... to cover any activities undertaken 'in connection with [one's] duties in functioning as a prosecutor,' *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002)."

While the Plaintiff's allegations against the attorneys with the Monroe County Prosecutor's Office are somewhat vague, they can nevertheless be fairly read to encompass actions that were taken in connection with their duties as prosecutors, including gathering evidence via blood tests or otherwise. These Defendants are entitled to prosecutorial immunity.

### C.   Lack of Personal Involvement

The plaintiff in a § 1983 case must show that a named defendant was personally involved in the allegations underlying the Complaint. *See Rizzo v. Goode*, 423 U.S. 362, 96 (1976). This complaint contains no factual allegations of what Defendants Jones, Ewen, and Roehrig specifically did to violate Plaintiff's rights. In this regard, the Plaintiff also falls short of *Iqbal's* requirement that the complaint factually show a plausible claim for relief.

### D.   No *Monell* Liability

In *Monell v. Department of Social Services of City of New York* 436 U.S. 658 (1978), the Supreme Court held that under § 1983, municipal liability is not unlimited, and that a municipality could not be liable on a theory of *respondeat superior*:  "A municipality cannot be held liable *solely* because it employs a tortfeasor - - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.*, 436 U.S. at 691 (Emphasis in original).  However, the *Monell* Court found that when the acts of individual employees represent the government's custom or policy, the municipality can be held liable. *Id* at 638.

Plaintiff's complaint contains no facts or allegations that the individual members of the Prosecutor's Office were acting pursuant to *any* official Monroe County policy, formal or informal. The claims against the County therefore run afoul of *Iqbal*, and must be dismissed.

## IV.   CONCLUSION

I recommend that Defendants' motion for judgment on the pleadings under Fed.R.Civ.P. 12( c ) [ECF No. 14] be GRANTED, and that Defendants Jones, Ewen, Roehrig, and the County of Monroe be DISMISSED WITH PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. Steven Whalen
United States Magistrate Judge

Dated: January 5, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 5, 2021 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager