UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA MARIE CARROLL,

    Plaintiff,

v.

MITCHELL LAMOUR, *et al.*,

    Defendants.

_____/

Case No. 20-10879

Stephanie Dawkins Davis
United States District Judge

R. Steven Whalen
United States Magistrate Judge

**OPINION AND ORDER ACCEPTING IN
PART AND ADOPTING REPORT AND
RECOMMENDATION (ECF NO. 18) AS
MODIFIED, AND GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION TO DISMISS (ECF No. 7)**

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

Before the court are Defendants Officer Mitchell Lamour, Officer J. Flora, and Police Chief Charles F. McCormick's Objections (ECF No. 19) to the first Report and Recommendation ("R&R") issued by Magistrate Judge R. Steven Whalen (ECF No. 18). On March 10, 2020, Plaintiff, Tina Marie Carroll, filed a complaint in state court. (ECF No. 1). She is proceeding *pro se*. On April 7, 2020, Defendants removed to this court. (*Id.*) The court referred all pretrial matters to Magistrate Judge Whalen. Defendants then filed a motion to dismiss

1

(ECF No. 7).[1] Carroll filed a response (ECF No. 16), and Defendants filed a reply (ECF No. 17).

Judge Whalen issued an R&R on November 6, 2020, recommending that the court grant in part and deny in part Defendants' motion. (ECF No. 18). Recognizing that Carroll is proceeding *pro se* and liberally construing her complaint, Magistrate Judge Whalen notes that her complaint raises several claims under 42 U.S.C. § 1983: "(1) Fourth Amendment claim of excessive force; (2) Fourth Amendment claim of police failure to protect; (3) Fourth Amendment claim of unlawful search regarding drug test; (4) Municipal liability claim against the City of Monroe on the excessive force claim; (5) Fourteenth Amendment claim of Equal Protection." (*Id.* at PageID.213). He also found that it raised "Michigan law claims of (6) false arrest and (7) assault and battery." (*Id.*) The R&R recommends dismissing all of Carroll's claims except for excessive force, failure to protect, and assault and battery because Carroll abandoned her other claims by only discussing her excessive force claim in her brief. However, as to the remaining claims, he recommends denying the motion to dismiss.

For the reasons set forth below, the undersigned **SUSTAINS** Defendants' Objection 1 and **OVERRULES** Objection 2. Because Objection 1 disposes of the

---

[1] Several other Defendants have filed a separate motion for judgment on the pleadings. (ECF No. 14). That motion is the subject of another R&R that is not at issue here. (ECF No. 20).

2

claims addressed in Defendants' remaining objections, the court does not address Objections 3 and 4. Hence, the court **ACCEPTS** and **ADOPTS** the Report and Recommendation <u>as modified by this order</u> and **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss.

## II. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *See also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and

legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *See also Funderburg v. Comm'r of Soc. Sec.*, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient.").

### III.  DISCUSSION

On November 17, 2020, Defendants filed timely objections to the R&R. (ECF No. 19). They raise four objections. First, Defendants argue that Carroll's Fourth Amendment claim of failure to protect and her state claim of assault and battery should be dismissed because she failed to address those claims in her response and, thus, they are abandoned. (*Id.* at PageID.220–21). Second, Defendants argue that Carroll has failed to allege a plausible claim for excessive force because her allegations are mere legal conclusions. (*Id.* at PageID.221–26). Third, Defendants argue that even if the court were to find that Carroll did not abandon her claims of failure to protect and assault and battery, they fail for the same reason her excessive force claim fails. (*Id.* at PageID.226). Fourth,

4

Defendants argue that Carroll's failure to protect claim fails because she has not provided any factual support for it. (*Id.* at PageID.226–29).

### A. Objection One

Defendants' first objection argues that the R&R erred by failing to dismiss all of Carroll's claims—except for excessive force. (ECF No. 19, PageID.220–21). They underscore that the R&R agreed that Carroll addressed only her excessive force claim, yet it retained her failure to protect and assault and battery claims. (*Id.*)

As the R&R correctly noted, "[c]laims left to stand undefended against a motion to dismiss are deemed abandoned." *Bazinski v. JPMorgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014); (ECF No. 18, PageID.214–15). Carroll responded to Defendants' motion to dismiss with the following: "Defendants are not entitled to dismissal and Plaintiff denies failing to comply with pleading requirements and Plaintiff clearly alleges use of excessive force." (ECF No. 16, PageID.204). Plaintiff does not mention any other claim. Hence, because she addressed only her excessive force claim, the undersigned agrees with Defendants that she has abandoned all of her other claims. Therefore, Objection 1 is SUSTAINED.

### B. Objection Two

Defendants' second objection argues that the R&R erred by finding that Carroll sufficiently alleged a Fourth Amendment excessive force claim. (ECF No. 19, PageID.221–26). According to Defendants, Carroll merely alleged that Defendants "did assault, beat, batter and wound" her and that their actions were "wanton and willful," which are legal conclusions insufficient to survive a motion to dismiss. (*Id.* at PageID.222). The court disagrees.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)).

In *Iqbal*, the Supreme Court explained that a civil complaint survives a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *See also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."). In a § 1983 action, as the Sixth Circuit has underscored, claims "cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

Furthermore, a complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Thus,

7

when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93–94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

"[C]laims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). In determining whether a constitutional violation based on excessive force has occurred, the Sixth Circuit applies "the objective-reasonableness standard, which depends on the facts and circumstances of each case viewed from the perspective of a reasonable officer on the scene and not with 20/20 hindsight." *Fox v. DeSoto*, 489 F.3d 227, 236 (6th Cir. 2007) (citing *Graham*, 490 U.S. at 395–96). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgment—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396–97. "Relevant considerations include 'the severity of the

8

crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Fox*, 489 F.3d at 236 (quoting *Graham*, 490 U.S. at 396).

Here, Carroll has alleged enough facts to support a plausible excessive force claim. She has alleged that the officers arrested her without a search warrant or an arrest warrant and that during the arrest, they "willfully, wantonly, maliciously," and recklessly did "assault, beat, batter, and wound" her. (ECF No. 1, PageID.10, ¶¶ 22, 27). And she alleges that, as a result of the officers' actions, she experienced "pain, suffering, indignation, aggravation, outrage, humiliation, mental anguish, legal expenses, medical expenses, embarrassment, fear and loss of cherished constitutional rights," and that "surgery is required at this present time." (*Id.* at ¶¶ 25, 26). She further asserts that the alleged events took place while she was lawfully present at her own home. (*Id.* at PageID.8, ¶¶ 7, 8). While these facts are not the most detailed, accepting them as true, they are sufficient at this stage—particularly here where Carroll is proceeding *pro se*. *See, e.g.*, *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642–43 (9th Cir. 2018) (explaining that the *pro se* plaintiff's allegation that the officers "beat the crap out of" him was "a colloquial, shorthand phrase [that] makes plain that Byrd is alleging that the officers' use of force was unreasonably excessive; this conclusion is reinforced by his allegations about the resulting injuries").

9

Defendants rely on *Andrews v. Flaiz*, in which the district court dismissed a claim for excessive force. No. 1:14 CV 623, 2014 WL 4925044, at *10–11 (N.D. Ohio Sept. 30, 2014). In that case, the *pro se* plaintiff alleged that he "was stopped in [an] alley on Court Street, in Chardon, Ohio, dragged from Plaintiff's vehicle by [officers] who used unreasonable excessive force, physically assaulted [and] threatened him." *Id.* at *11. The court dismissed the claim because his claim was "stated solely as a legal conclusion without any factual allegations to suggest why the arrest was 'unreasonable', or why the force applied was 'excessive' or even what actions the Officers took to 'assault' [the plaintiff]." *Id.* However, unlike the plaintiffs in *Andrews*, Carroll alleges more than legal conclusions; she alleges that the officers beat, battered, and wounded her during her arrest. She also alleges that she was harmed as a result of these actions and now requires surgery. While a close call, Carroll's allegations are more detailed as to how she was harmed and what harm she suffered, making her claim more plausible than the plaintiff's allegations in *Andrews*. As a result, the court finds *Andrews* unpersuasive.

Defendants also cite to *Norris v. Aryers*, No. 3:14-CV-302-PLR-HBG, 2016 WL 706238 (E.D. Tenn. Feb. 22, 2016). In *Norris*, the *pro se* plaintiff "merely state[d] that he was 'at the jail' when Defendant caused him injury through excessive force." *Id.* at *4. The plaintiff had a "one-sentence allegation that Defendant 'use[d] his position of authority to cause and inflict bodily harm and use

10

of excessive force causing injury.'" *Id.* As a result, the court characterized the plaintiff's claim against the defendant "as a mere 'the-defendant-unlawfully-harmed-me-accusation' that fails to meet the facial plausibility standard." *Id.* But here, Carroll has alleged more facts than a one sentence allegation of unlawful harm. Instead, she describes how she was harmed, what harmed she suffered, and where it took place. The court finds, therefore, *Norris* to be inapplicable here.

For these reasons, the court OVERRULES Objection 2.

### C. Objections Three and Four

Because the court has sustained Defendants' first objection, which results in the dismissal of Carroll's claims for failure to protect and assault and battery, the court need not address the third and fourth objections.

### IV. CONCLUSION

For the reasons discussed herein, Defendants' Objection 1 to the November 6, 2020 Report and Recommendation is **SUSTAINED** and Objection 2 is **OVERRULED**. As a result, the court **ACCEPTS AND ADOPTS IN PART** the R&R. Specifically, the court does not accept the portion of the R&R recommending that the failure to protect claim be retained. The court does accept the remainder of the R&R. As such, all of Carroll's claims except for her excessive force claim are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Date: March 31, 2021                    <u>s/Stephanie Dawkins Davis</u>
                                                    Stephanie Dawkins Davis
                                                    United States District Judge