UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TINA MARIE CARROLL,<br>    Plaintiff,<br>v.<br><br>MITCHELL LAMOUR, *et al.*,<br>    Defendants.<br>_____/ | Case No.: 20-10879<br><br>Shalina D. Kumar<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER ON MOTION TO DISMISS AND FOR SANCTIONS (ECF No. 29)

**I.  BACKGROUND[1]**

Plaintiff Tina Carroll filed this lawsuit, without the assistance of counsel, on April 7, 2020.  (ECF No. 1).  This matter was referred to the undersigned for all pretrial proceedings.  (ECF No. 23).  The Court entered a scheduling order on August 16, 2021.  The discovery cut-off was February 7, 2022 and the dispositive motion cut-off was March 7, 2022.  (ECF No. 27).

---

[1] Because no dispositive relief is granted, the undersigned proceeds by Order under 28 U.S.C. § 636(b)(1)(A) rather than Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *See Sildak v. Corizon Health, Inc.*, 2013 WL 1316707, at *1 (E.D. Mich. Mar. 29, 2013) (entering order on two motions to dismiss for discovery sanctions pursuant to Rule 37) (citing *Bell-Flowers v. Progressive Ins. Co.*, 2005 WL 3434818, at *1, 2 n.1 (W.D. Tenn. Dec. 13, 2005) ("The majority of courts to consider the issue have concluded that when a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanctions sought by the moving party, governs the magistrate judge's authority over the motion.") (collecting cases)); *Coleman v. Canton Twp.*, 2010 WL 3906015, at *1 (E.D. Mich. Sept. 30, 2010) ("a party's characterization of a motion as being 'dispositive' or 'nondispositive' does not make it so"); *Beattie v. CenturyTel, Inc.*, 2009 WL 5066676 (E.D. Mich. Dec. 16, 2009)).

On January 4, 2022, Defendants Mitchell Lamour, J. Flora, Charles F. McCormick, and the City of Monroe moved to dismiss and for sanctions against Plaintiff for her failure to attend her deposition on three separate occasions. (ECF No. 29). The first notice for deposition by video required Plaintiff to appear on July 8, 2020. She did not appear. The next notice required her to appear on October 7, 2020. She did not appear. The third notice required her to appear on December 23, 2021. She did not appear. (ECF No. 29, PageID.333-34). Because of these failures to appear, the defendants seek to have the case dismissed.

The Court ordered Plaintiff to respond to the motion no later than February 7, 2022. (ECF No. 30). On Plaintiff's request, the Court extended the response deadline to April 4, 2022. (ECF No. 32). On April 15, 2022, having not received a response brief from Plaintiff, the Court ordered her to show cause why the case should not be dismissed. She timely responded to the Order to show cause by submitting a response to the Court on April 18, 2022. (ECF No. 34).

II. ANALYSIS

Defendants seek sanctions under Federal Rule of Civil Procedure 37(d). Ordinarily, discovery sanctions are reserved for parties who violate court orders. *See* Fed. R. Civ. P. 37(b). That said, if a party fails to attend her own deposition, she may be sanctioned. Fed. R. Civ. P. 37(d). Sanctions under Rule 37 are discretionary, and they may include dismissal. *See* Fed. R. Civ. P. 37(d)(3). In

2

considering whether dismissal is an appropriate sanction, the court considers (1) whether the failure to cooperate was willful or in bad faith, (2) whether the failure to cooperate caused prejudice, (3) whether the uncooperative party was warned that a dismissal could be entered, and (4) whether less drastic sanctions were ordered or considered first. *See United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). Despite the fourth factor, dismissal can be appropriate as the first and only sanction if the conduct is contumacious. *Id.* In addition, "[a] court must award reasonable expenses, including attorney's fees, caused by a party's failure to act unless 'the failure was substantially justified or other circumstances make an award of expenses unjust.'" Fed. R. Civ. P. 37(d)(3).

In her response, Plaintiff did not address the merits of Defendants' motion. She did not explain her repeated failure to attend her deposition. Instead, she argued the merits of her case, which is inapposite now.

In any event, the motion to dismiss under Rule 37 is **DENIED** because the factors do not weigh in favor of dismissal. Though the Court acknowledges the defendants have suffered some prejudice in attempting and re-attempting to take Plaintiff's deposition and to engage in discovery where Plaintiff has not, there are no facts presented suggesting Plaintiff's failure to attend her deposition was willful or because of bad faith. There is also no indication that she was warned that her failure to appear could subject her to dismissal.

Less drastic sanctions are in order as they have not been ordered or considered yet.  Plaintiff is **ORDERED to pay 25% of the costs** defendants' counsel incurred in bringing this motion due to her failure to attend her deposition.  Defendants must submit to Plaintiff a bill of costs reflecting the total costs incurred and 25% of those costs within 14 days of this order.  Should a dispute arise, the parties must call the Court to schedule a telephonic conference.

In addition, Plaintiff cannot shirk her responsibilities here, even though she is proceeding without counsel.  Plaintiff is **ORDERED** to attend her deposition at an agreed date but not to exceed the new discovery deadline set forth below.  **If Plaintiff again fails to attend her deposition without contacting defense counsel to reschedule, the undersigned may recommend that this case be dismissed for Plaintiff's failure to engage in discovery.**

The discovery deadline is extended to **September 2, 2022**.  The dispositive motion deadline is extended to **September 30, 2022**.  Plaintiff must make herself available to the Defendants as part of the proper course of discovery and to communicate with counsel if a scheduling conflict arises.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as

error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: July 13, 2022                    s/Curtis Ivy, Jr.
                                       Curtis Ivy, Jr.
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 13, 2022.

                                       s/Kristen MacKay
                                       Case Manager
                                       (810) 341-7850